ETEBD, P.,
on the petition for a re-hearing:
In the case of Morris’ executors v. Duke’s administrator and others, decided a few days ago in favor *of the appellant, by the unanimous opinion of the court, a petition for a re-hearing has been filed by the appellees. We have maturely considered the petition, and are of opinion that the rehearing should not be allowed.
Whether Dr. Morris could at any time have been held responsible for the money paid over to him by William D. Taylor, was a question on which there was a diversity of opinion amongst the sitting judges. But let it be conceded, for the purposes of the petition, that he might have been held responsible to the appellees for the amount: How does the case stand? That responsibility arose upon a strict rule in equity, by which Morris, on the receipt of the money, became a constructive trustee, and as such was bound to account for it as assets of Burnley’s estate, with the creditors and legatees of the testator. But the situation of a constructive trustee is different in some respects from that of a trustee created by deed, will or other instrument, for the purpose of executing an expressly delegated trust. In respect to lapse of time, for example, in a case where the liability arises upon a constructive or implied trust, by a like strict construction of the equitable rule, which creates the trust, the suit to enforce that responsibility should be brought within twenty years after the cause of action arises, or comes for the first time to the knowledge of those interested in the funds. The suit in this case was not brought until after the lapse of twentjT-four years, seven months and upwards, after Dr. Morris received the money, nor until after the lapse of more than twenty years from the time when the appellees had notice of it, and as a matter not unworthy of consideration, it is evident that the appellees, by the use of very ordinary diligence, might have obtained this notice sooner than they did.
It is an error to suppose that if Dr. Morris was responsible at all, his situation in that respect was like that of the surety in the bond of an administrator or *guardian, who is collaterally bound for the default of his principal; whereas Morris’ responsibility was not for the default of Taylor as collateral security, but by receiving the assets of Burnley’s estate from Taylor, he thereby became a trustee for the benefit' of the creditors and legatees of Burnley, and was responsible to them as a principal debtor for the amount of the assets received by him. The right of creditors and legatees to enforce this responsibility occurred when Morris received the money, and they had notice of it. It was not suspended until Taylor’s accounts should be settled and his default ascertained. And therefore the cases of Colvin and Roberts and Cookus v. Peyton, referred to in the petition, have no bearing upon this question. Indeed, the argument in the petition, in this respect, if it establishes anything, proves too much; for if it be true that the liability of Morris was collateral, and could not be enforced by suit, until Taylor’s accounts should be settled and his default ascertained, this suit was brought prematurely, for Taylor’s accounts have not been as yet settled, nor his default ascertained.
TYL/ER. J., was for rejecting, the petition.
Petition rejected.